# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4396 | **DATE** | July 22, 2011 |
| **CASE TITLE** | Grover Lee Hunt, Jr. (N31332) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.33 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The Court appoints Kimball Anderson of Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601-9703 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel may bring an amended complaint within 60 days of the entry of this order if he deems that to be appropriate. The case is set for status on September 22, 2011 at 8:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Grover Lee Hunt, Jr. has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging a number of unrelated incidents of deliberate indifference to his medical needs by the staff at the Stateville Correctional Center. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis*, (Dkt. No. 3), motions for appointment of counsel (Dkt. Nos. 4, 7), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.33. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

The Court, having reviewed plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A, has concluded that it is best for counsel to be appointed to represent plaintiff. Thus, plaintiff's motions for appointment of counsel (Dkt. Nos. 4, 7), are granted. Kimball Anderson of Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601-9703, is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

| STATEMENT |
|---|

    Appointed counsel should investigate plaintiff's claims in accordance with his obligation under Rule 11 of the Federal Rules of Civil Procedure. Appointed counsel is reminded that "unrelated claims against different defendants belong in separate lawsuits. . . ." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Counsel may bring an amended complaint within 60 days of the entry of this order if he deems that to be appropriate. The case is set for status on _____.

    In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.33 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The Court appoints Kimball Anderson of Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601-9703 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel may bring an amended complaint within 60 days of the entry of this order if he deems that to be appropriate. The case is set for status on _____.